UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIENNE SCHNEIDER, | ) | CASE NO. 4:22-CV-00126-BYP |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | **PLAINTIFF'S BRIEF IN OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION FOR** |
| TRUMBULL COUNTY VETERANS | ) | **LEAVE TO FILE A SECOND** |
| SERVICE COMMISSION, | ) | **AMENDED ANSWER AND** |
| | ) | **ALTERNATIVE MOTION TO** |
| Defendant. | ) | **VACATE THE DISPOSITIVE** |
| | ) | **DEADLINE AND EXTEND THE** |
| | ) | **DISCOVERY DEADLINE** |

## I.   INTRODUCTION

After 18 months of representing VSC, VSC's counsel, for the first time, asserts that it just

realized how many individuals VSC employed. An employer is subject to Title VII if it has 15 or

more employees. This, however, is a claims-processing rule that can be waived or forfeited if not

timely raised. VSC's counsel, who was involved in the EEOC proceedings, did not raise numerosity

as a problem. The EEOC itself also did not identify numerosity as a problem. VSC then admitted in

its Answer that it was an employer subject to Title VII. Then, VSC reviewed its Answer and

determined certain averments needed to be amended, and *again* in its Amended Answer, admitted

that it met the numerosity requirement. Now, after the close of discovery, VSC asserts that

numerosity is an issue, even though Schneider now has not had an opportunity to conduct discovery

as to this issue. More, had Schneider had notice that VSC would raise this defense, she could have

considered naming Trumbull County as a co-Defendant which would have doomed this defense.

Now, if the Court were to grant VSC leave to amend its Amended Answer, Schneider should be

permitted an opportunity to conduct discovery to both the numerosity issue and to determine

whether she should ask for leave to add Trumbull County as a co-Defendant. This would result in

the Parties re-opening the entire case, which would cause substantial prejudice to Schneider, further exemplifying why VSC's Motion should be denied.

## II.    STATEMENT OF FACTS AND PROCEDURE.

VSC hired Schneider on March 11, 2019 and employed her as an administrative assistant.[1] VSC terminated Schneider's employment under the guise of a layoff on May 7, 2020.[2] Within 300 days of her separation of employment from VSC, Schneider filed a charge of discrimination against VSC with the Equal Employment Opportunity Commission.[3]

Mazanec, Raskin & Ryder represented VSC throughout the EEOC proceedings—the same firm which has represented it throughout the instant litigation. The EEOC only has authority to investigate claims of discrimination against employers with at least 15 employees.[4] If the EEOC determines that an employer does not employ enough employees to meet the definition of an "employer" pursuant to federal law, the EEOC will cease its investigation and issue a Right to Sue letter. Oftentimes, during the EEOC investigation process, an employer is required to provide the EEOC with a census of its employees with a breakdown of gender, race, or other factors.

It is undisputed that after Schneider filed an EEOC charge of discrimination, that the EEOC completed a full investigation of Schneider's claims. Although counsel for VSC claims that a different attorney from the firm represented VSC through the EEOC proceedings, the documents do not support that position. VSC's current counsel issued counsel for Schneider a letter on June 9, 2021 advising she and MR&R were representing VSC "with respect to the above captioned charge."[5] To that end, Attorney Minahan indicated to Schneider that she was in fact involved in the

---

[1] Doc # 1, PageID # 3-4, at ¶¶ 17-18.
[2] Doc # 1, PageID #9, at ¶ 100.
[3] Doc # 1, PageID #2, at ¶ 9.
[4] Overview, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/overview#:~:text=Most%20employers%20with%20at%20least,employment%20agencies%20are%20also%20covered, last accessed October 24, 2022.
[5] June 9, 2021 Letter, attached hereto as Exhibit 2.

EEOC proceedings. Even if a different attorney representing VSC left the firm in June 2021, Attorney Minahan had over four months to provide information to the EEOC advising that VSC employed fewer than 15 employees, but did not do so. This means at least two different attorneys representing VSC during the EEOC proceedings, upon reviewing the records and information provided to the EEOC, were under the impression that VSC had 15 or more employees. As counsel of VSC was involved with Schneider's claims four at least four months during the EEOC's proceedings, claiming that VSC only now learned that it had fewer than 15 employees is untimely.

Compounding this issue, on January 12, 2022, the EEOC issued Schneider a Right to Sue letter indicating that it was terminating its processing of her charge.[6] Attorney Minahan was copied on this correspondence, again indicating that she was involved in the EEOC proceedings.[7] If the EEOC had come to a determination that VSC did not employ enough individuals to meet the employer requirement, this would have been noted in the Right to Sue letter. It is not. This means that the EEOC investigator, upon reviewing the documents and information did not draw the conclusion that VSC employed fewer than 15 employees.

Schneider filed her Complaint on January 24, 2022. In the Complaint, Schneider asserted that VSC was an employer within the meaning of 42 U.S.C. 2000e-2 *et seq*.[8] VSC filed its Answer on February 22, 2022 and admitted that VSC was an employer within the meaning of Title VII.[9] The Answer was signed by Attorney Minahan. Then, on March 2, 2022, after reviewing and determining that certain averments needed to be corrected, VSC filed an Amended Answer.[10] Again, in the Amended Answer, VSC admitted that it was an employer within the meaning of Title VII.[11]

---

[6] Doc # 1-3.
[7] *Id*.
[8] Doc # 1, PageID # 1, at ¶ 3.
[9] Doc # 4, PageID # 29, at ¶ 2.
[10] Doc # 5.
[11] Doc # 5, PageID # 34, at ¶ 2.

Parties have fully exchanged written discovery. VSC has taken Schneider's deposition, and Schneider has taken the depositions of Mark Isenberg, Cari Delgado, and Herman Breuer. All of the discovery has been conducted under the affirmation from VSC that it was an employer within the meaning of Title VII. VSC claims that on October 6, 2022, that it first discovered that VSC assertedly was not an employer within the meaning of Title VII—a year and a half after Attorney Minahan took over as counsel for VSC. Discovery closed on September 30, 2022, and the dispositive deadline is set for November 15, 2022.

## III.   LAW AND ANALYSIS

**A.  VSC's Motion To Amend Should Be Denied Due To Its Substantial Delay And Prejudice.**

At the current juncture, VSC may only amend its Amended Answer with Schneider's consent or via the Court's leave.[12] Schneider does not consent to VSC amending its Amended Answer to now deny that it was an employer within the meaning of Title VII, so it must receive the Court's leave. Although leave should be freely granted, the Court should consider several factors to make this determination such as "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…"[13] If a party seeks to amend a pleading at a late stage of litigation, the party has an increased burden to justify the need for leave.[14]

As discovery has closed and Parties have already incurred considerable time and expenses litigating this matter, the instant matter is in the late stage of litigation. VSC has not met its heightened burden to justify a need for the leave to amend. In *Pittman*, the Sixth Circuit Court of Appeals upheld the trial court's ruling that the moving party did not meet its heightened burden as

---

[12] Fed.Civ.R. 15(a)(2).
[13] *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).
[14] *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

"Franklin offered no justification for her failure to amend her answer to include a comparative fault defense at earlier stages in the litigation. Instead, Franklin simply stated why she sought the amendment and quoted language from Rule 15(a)…"[15] Here, VSC has not met its burden on explaining why it took 18 months to determine *how many people VSC employed*. The size of the employer is something that should have been determined during the initial stages of the EEOC investigation, and should have been reconsidered when preparing the Answer and then reviewed again when preparing the Amended Answer. VSC has not provided any reason, let alone a sufficient reason at this late stage of the proceedings, to justify why it did not know how many people it employed.

VSC's failure to timely raise this is issue is compounded by its own argument. In its Motion, VSC contends that as its existing Amended Answer raises the affirmative defense as to failure to state a claim, that should have covered the numerosity issue as well.[16] However, if VSC actually planned to assert such a defense, then it was on notice when it filed its Answer and Amended Answer that it could raise such a defense, and should have made the numerosity determination at that time. Again, in *Pittman*, the Sixth Circuit upheld the denial of leave to amend as the moving party was on notice of the plaintiff's theory of negligence but failed to assert an affirmative defense after two opportunities to do so.[17] Here, VSC asserts that it already asserted an affirmative defense that should have covered numerosity, but waited until after the close of discovery to determine how many employees it had. Respectfully, determining how many employees VSC had in 2019 or in 2018 was readily available to VSC and it should not have taken this long to make that determination, especially if we were to take VSC's word that it included this defense from the outset.

---

[15] *Pittman ex rel. Sykes v. Franklin*, 282 Fed.Appx. 418, 425 (6th Cir. 2008).
[16] Doc # 22, PageID # 131, at n.2.
[17] *Pittman*, 282 Fed.Apps. 418, 426.

If it were not enough that VSC has not provided a valid reason for why it took 18 months to determine how many individuals VSC employed, granting leave to amend would cause significant prejudice to Schneider. In *Wade*, the Sixth Circuit upheld denial of leave due to significant prejudice as discovery had already been conducted including numerous depositions, and summary judgment had already been filed.[18] If an amendment was permitted, then depositions would have to be supplemented to discuss the new issues, and the defendant would be required to prepare a new defense for a new claim being raised.[19] Here, significant discovery has already been conducted, and VSC's dispositive deadline is approaching. Schneider has completely relied on VSC's assertion that it employed enough individuals during her employment and as such, no discovery or testimony has been taken as to its after-the-fact assertions that it did not actually employ enough individuals. Raising this new defense would require Schneider to re-depose one or more witnesses, and would also likely require her to depose multiple other witnesses to prepare an argument supporting that the VSC commissioners were in fact employees of VSC which would then indisputably ensure that VSC employed 15 or more employees. As significant discovery has already been completed, and granting leave would cause substantial delay and require Parties to re-open discovery and for Schneider to take additional depositions, VSC's Motion should be denied.

Finally, as discussed further *infra* Section IV, had Schneider known from the onset of asserting her claims that VSC would assert a numerosity defense, Schneider would have conducted a further analysis of whether Trumbull County should also have been a named defendant in this matter. If Schneider included Trumbull County as a co-Defendant, and asserted joint employer liability, the numerosity defense would be futile. To that end, Schneider could potentially have added Trumbull County as a co-Defendant, and has been unduly prejudiced now in not being

---

[18] *Wade*, 259 F.3d 452, 459.
[19] *Wade*, 259 F.3d 452, 459.

afforded the opportunity to conduct discovery as to this matter. This would require Schneider to re-open depositions of Cari Delgado and Herman Breuer to further ascertain their discussions with Trumbull County, as well as to take depositions of individuals in the Human Resource Department (and potentially at other departments) to further determine Trumbull County's involvement. However, the Sixth Circuit has upheld a district court denying a plaintiff the ability to amend a complaint to add a defendant on similar grounds in *R.S.W.W., Inc. v. City of Keego Harbor*.[20] There, the Sixth Circuit affirmed the Magistrate's order that the plaintiff's request:

> would require is reopening the whole case. This case has been going on for several years. It went on previous to that, I believe, in the state court's litigation between these parties. I am not about, at this stage of the proceeding when discovery is closed, to—to add a new party, following which discovery is going to reopen completely on all the issues in the case.[21]

Now that the case has progressed this far, it would practically require the Parties to completely reopen the case, which could lead this Court from precluding Schneider from granting leave to amend her Complaint to add Trumbull County as a co-Defendant.

## B. VSC Waived The Numerosity Argument, So Its Motion Should Be Denied.

Additionally, this Honorable Court should deny VSC's Motion to Amend as it has waived its argument as to numerosity. Title VII's numerosity requirement is a non-jurisdictional, claims processing rule.[22] Claim-processing rules may be "forfeited if the party asserting the rule waits too long to raise the point."[23] Such rules may also be waived.[24] Waiver "requires some affirmative act that shows a party has willfully declined to assert a right."[25]

---

[20] 397 F.3d 427 (6th Cir. 2005).
[21] *Id.* at 440-441.
[22] *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235, 1245 (2006). *See also Fort Bend County, Texas v. Davis*, 139 S.Ct. 1843, 1850 (2019).
[23] *Eberhart v. U.S.*, 126 S.Ct. 403, 405 (2005) (quoting *Kontrick v. Ryan*, 124 S.Ct. 906, 909 (2004)).
[24] *Hamer v. Neighborhood Hous. Servs. Of Chi.*, 138 S.Ct. 13 (2017).
[25] *United States v. Holland*, 522 F.App'x 265, 272 (6th Cir. 2013).

The Sixth Circuit held that a party had waived an affirmative defense when it raised it only after the close of discovery in *Henricks v. Pickaway Correctional Inst*.[26] The Sixth Circuit held:

> A district court does not abuse its discretion when, even without a showing of prejudice, it finds that a defendant who has failed to show "that it even made a good faith effort to comply with the standard procedure for raising affirmative defenses" has waived its defense. *U.S. Fire Ins. Co. v. City of Warren,* 87 Fed.Appx. 485, 491 (6th Cir.2003); *see also English,* 23 F.3d at 1090. Finding waiver is particularly appropriate in such a situation because it can be inferred that the plaintiff would be unfairly prejudiced by permitting the defendant to tardily raise the defense. *See Macurdy v. Sikov & Love, P.A.,* 894 F.2d 818, 824 (6th Cir.1990). A failure, without good cause, to invoke what might otherwise appear to be an available affirmative defense might well lead the plaintiff to believe that the defendant does not plan on invoking it and to plan accordingly. *U.S. Fire,* 87 Fed.Appx. at 491. Raising the defense after discovery would then unfairly prejudice the plaintiff by subjecting him to a defense he did not anticipate having to rebut. In this case, Officer Maynard and Dr. Gonzalez asserted an affirmative defense in a motion to dismiss but did not object when the magistrate judge ignored the defense and did not file an answer or other responsive pleading. Henricks could fairly conclude from this conduct that Officer Maynard and Dr. Gonzalez did not intend to assert the qualified immunity defense.[27]

Here, Schneider had good cause to believe that VSC would not raise the numerosity issue as a defense—it did not do so during the EEOC proceeding, admitted twice in an Answer and an Amended Answer that it met the numerosity requirement, and did not raise this issue until the close of discovery. Even though VSC claims that its blanket defense that Schneider failed to state a claim covers this defense, it flies in the face of these very admissions. As VSC admitted it met the employer requirements, Schneider had no notice that it planned to assert this defense. As such, even though the Parties conducted significant discovery in this matter, no discovery was taken as to the amount of individuals employed by VSC. If VSC believed this was an actual issue, it would have raised it in the beginning. As the Honorable Justice Ginsburg noted in *Fort Bend*, "Defendants, after all, have good reason promptly to raise an objection that may rid them of the lawsuit filed against them. A Title VII complainant would be foolhardy consciously to take the risk that the employer

---

[26] 782 F.3d 744 (6th Cir. 2015).
[27] *Id*. at 751.

would forgo a potentially dispositive defense."[28] As VSC affirmed to Schneider that it was in fact

an employer under Title VII, it affirmed it was forgoing this potentially dispositive defense.

More problematic for VSC is that it has not provided a legitimate reason for why it is just

learning about how many individuals it employed. "When the defendant is unable to offer any

reasonable explanation for its tardiness in presenting a defense, finding waiver is not an abuse of

discretion."[29] The only explanation that has been provided is that VSC's counsel erroneously

believed that the numerosity issue had been evaluated when VSC first learned of the EEOC charge

of discrimination.[30] This is not sufficient as VSC's counsel was required to aid VSC in evaluating

Schneider's Complaint to formulate its Answer, which included Schneider's specific allegation that

VSC met the employer requirement, which it then admitted twice. The number of individuals

employed by VSC was in the sound control of VSC ever since it was put on notice of Schneider's

claims, and as such, VSC should be required to provide a compelling reason for its tardiness in

raising this issue. As VSC has not done so, the Court should rule that it has waived any argument to

numerosity, and deny its motion to amend its Amended Answer this late in the game.

## IV. ALTERNATIVELY, SCHNEIDER MOVES THE COURT TO VACATE THE DISPOSITIVE MOTION DEADLINE AND TO EXTEND THE DISCOVERY DEADLINE.

Alternatively, if the Court determines that VSC should be granted leave to amend its

Amended Complaint, then Schneider requests that the Court vacate the dispositive motion deadline

and grant her additional time to conduct discovery pursuant to Fed.R. 56(d). Schneider has not yet

been permitted an opportunity to conduct discovery as to the number of employees of VSC as VSC

has, until its Motion, admitted that it employed enough individuals to be considered an employer

---

[28] *Fort Bend*, 139 S.Ct.1843, 1851-52.

[29] *Henricks*, 782 F.3d 744, at 751 (citing *U.S. Fire Ins. Co. v. City of Warren*, 87 Fed.Appx. 485 (6th Cir. 2003)).

[30] Doc # 22, Page ID # 130.

pursuant to Title VII.[31] As Schneider has not had the opportunity to conduct discovery as to the number of employees, she has not been able to obtain facts and evidence essential to opposing VSC's forthcoming Motion for Summary Judgment.[32]

Indeed, the discovery as to this issue will be more significant than VSC attempts to lead the Court to believe. First, VSC incorrectly cites the operative Ohio statute for determining whether the commissioners count toward VSC's number of employees. The operative provision is 42 U.S.C. § 2000e-(f) which provides:

> The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. **The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision**.[33]

Ohio law then defines civil service as "all offices and positions of trust or employment in the service of the state and in the service of the counties, cities, city health districts, general health districts, and city school districts of the state."[34] The remainder of Chapter 124 include various classifications and exceptions. Caselaw on this topic is likewise unavailing, and neither case proffered by VSC directly addresses whether county commissioners should be counted toward Title VII's numerosity requirement.[35] In order to determine the numerosity requirement, Schneider will be required to re-depose at least one, if not two of the individuals she previously deposed, and will also need to take the deposition of one or more of the county commissioners. She will also need to issue another set of interrogatories and set of document requests to review the records associated

---

[31] Declaration of Attorney Daniel S. Dubow, attached hereto as Exhibit 1, at ¶¶ 6-7.
[32] Dubow Dec., at ¶¶ 10-12.
[33] **Emphasis** added.
[34] R.C. § 124.01(A).
[35] *See Lynch v. Gallia Cty. Bd. Of Commrs.*, 79 Ohio St.3d 251 (1997); *Nelson v. Clermont County Veterans' Service Com'n*, No. 1:11-cv-335-HJW, 2012 WL 893877 (S.D. Ohio March 15, 2012).

with all individuals employed by VSC, the nature and extent of commissioners' duties and responsibilities, the nature and extent of the commissioners' reporting structure, and the compensation of the commissioners (amongst other information).

Moreover, had Schneider known that VSC planned to assert this numerosity defense, Schneider would have completed a deeper analysis to determine whether the County should have been named as a defendant in this matter. All of VSC's employees are compensated by the County. Had Schneider known that VSC planned to raise this defense, she could have named Trumbull County as a co-Defendant, which would have made a numerosity defense futile. Additionally, discovery indirectly revealed that following Schneider's complaint of harassment that Breuer and Delgado communicated with Trumbull County's Human Resource Department—which implicates the County in the failure to take reasonable action in response to Schneider's complaint of sexual harassment. To that end, if VSC is permitted leave to amend its Amended Answer, Schneider should be permitted to not just conduct discovery as to the number of individuals employed by VSC, but to also conduct discovery to determine whether Trumbull County is also a proper party in this matter. This too would require additional depositions of County employees.

## V.   CONCLUSION

For the foregoing reasons, Schneider requests that the Court deny VSC's Motion for Leave in its entirety. Alternatively, should the Court grant VSC leave to amend its Amended Answer, Schneider moves the Court to vacate the dispositive motion deadline, and to grant her an extension of time to conduct discovery as to the numerosity defense, and as to whether Trumbull County should have been a named co-Defendant in this matter.

Respectfully submitted,

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email:  daniel.dubow@spitzlawfirm.com

*Attorney For Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

I hereby certify that the instant matter is assigned to standard track and that the foregoing complies with Local Rule 7.1(f).

/s/*Daniel S. Dubow*

Daniel S. Dubow (0095530)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 3, 2022, a copy of the forgoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
**SPITZ, THE EMPLOYEE'S LAW FIRM**